IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AMANDA CONNELLY,

      Appellant,

 v.                                 Case No.  5D17-2226

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 16, 2018

3.850 Appeal from the Circuit
Court for Orange County,
Alicia L. Latimore, Judge,
Lisa T. Munyon, Judge.

William R. Ponall, of Ponall Law, Maitland,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.

EDWARDS, J.

Amanda Connelly appeals the summary denial of her Florida Rule of Criminal

Procedure 3.850 Motion for Postconviction Relief in which she claimed her counsel was

ineffective because he failed to properly object and move for mistrial in response to certain

comments the State made.[1]  Connelly asserts in Claim A that some of the State's comments in cross-examination and closing argument were an attempt to shift the burden of proof, some were statements of the prosecutor's personal opinions, and others were misstatements of the law.  Although the postconviction court found that the State's questions and comments were permissible because they properly challenged Appellant's testimony and her counsel's arguments, the documents attached to the order of summary denial do not conclusively refute her claim.  Therefore, we reverse and remand for further proceedings regarding Claim A.

Appellant was tried and convicted of first-degree murder with a firearm and robbery with a firearm.  Melissa Holmes, referred to as Appellant's aunt, testified that Appellant told her details of the murder and robbery.  Although Appellant apparently testified that Holmes was motivated to lie about Appellant's involvement in the crimes, the transcript pages containing that testimony were not attached to the order being appealed.  The attached pages did contain that portion of her testimony on cross-examination, when the prosecutor asked Appellant for her explanation of why Holmes would falsely accuse her of murder.

In its initial closing argument, the State repeatedly argued that Appellant failed to explain why Holmes would have given false testimony, and added the personal comment that the State's attorney could not think of any explanation either.  In its rebuttal argument, the State then commented that it had expected Appellant's counsel to offer a reason why Holmes would falsely accuse Appellant, but Appellant's counsel did not offer any such

---

[1] Connelly, through counsel, asserted an additional claim of ineffective assistance of counsel below, but has affirmatively chosen to only seek review of the court's ruling on Claim A.

reason. Appellant contends that this argument amounted to improperly shifting the burden of proof from the State to Appellant.

Finally, the State also commented on what the jury would have to believe in order to find Appellant "innocent," including such statements as, in order to find Appellant innocent, the jury would have to believe that Appellant was the unluckiest person ever and that Holmes was a lying monster. Appellant contends the State's argument was a misstatement of the law and improper burden shifting. According to the postconviction court, although the State repeatedly used the phrase "find her innocent," the State did argue that it carried its burden of proving Appellant guilty beyond a reasonable doubt. However, the attached transcript pages do not contain that portion of closing argument.

Appellant's trial counsel objected twice to the State's comments during the initial closing, and the trial court overruled the objections. Defense counsel did not object to the complained-of comments during the rebuttal portion of the State's closing. While the postconviction court may be correct that further objections during the initial closing would have been futile, that reasoning would not necessarily apply to the State's comments in the rebuttal phase because the comments were slightly different and removed in time.

The record attached to the postconviction court's order does not provide sufficient context for this Court to analyze and evaluate whether the postconviction court's conclusions are correct. We note that the documents attached do not contain much of Appellant's direct testimony regarding Holmes, the other comments to which the State may have been responding, or some of the State's comments relied upon by the postconviction court. Thus, we reverse the order of summary denial and remand this

3

matter for the postconviction court either to attach records that conclusively refute Appellant's Claim A or to conduct an evidentiary hearing on Claim A.

REVERSED AND REMANDED.

PALMER and TORPY, JJ., concur.